# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
## Fort Myers Division

Wiens Capital Management, LLC and
WCM-1, LLC;

      Plaintiffs,                Case No:

v.

Advocate Consulting Legal Group, PLLC, a Florida PLLC; Jonathan S. Levy, an individual; and Suzanne Meiners-Levy, an individual,

      Defendants.

---

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiffs Wiens Capital Management, LLC and WCM-1, LLC by their attorneys, Allen Vellone Wolf Helfrich & Factor, P.C. and Santini Law and for their Complaint state as follows:

### PARTIES AND DIVERSITY

1. Plaintiff Wiens Capital Management, LLC ("**WCM**") is a Colorado limited liability company with its principal place of business in Colorado.

2. WCM has one member, Wiens Real Estate Ventures, LLC ("**WREV**"), which is a Colorado limited liability company with its principal place of business in Colorado. WREV is not a party to this case, and has four individual members, three

of whom are residents of, and are domiciled in, Colorado, and one of whom is a resident of, and is domiciled in, Wyoming.

3. Plaintiff WCM-1, LLC ("**WCM-1**") is a Colorado limited liability company with its principal place of business in Colorado. WCM-1's sole member is WCM.

4. No member of WCM, WCM-1 or WREV is a resident of, or is domiciled or has its principal place of business in, Florida.

5. Jonathan S. Levy ("**Levy**") resides and is domiciled in Florida and is a Florida citizen. Levy's principal place of business is at Advocate Consulting Legal Group, 1300 N. West Shore Blvd., Ste 220, Tampa, FL 33607-4632.

6. Levy holds himself out as a legal specialist in aviation law.

7. Suzanne Meiners-Levy ("**Meiners-Levy**") resides and is domiciled in Florida and is a Florida citizen. Meiner-Levy's principal place of business is at Advocate Consulting Legal Group, 1300 N. West Shore Blvd., Ste 220, Tampa, FL 33607-4632.

8. Advocate Consulting Legal Group, PLLC, ("**Advocate**") is a Florida professional limited liability company with Levy and Meiners-Levy as the sole members and managers (or sole shareholders).

9. Advocate holds itself out as a law firm specializing in aviation law, and advertises that it provides tax, legal and compliance services "to streamline the

process of acquiring a business aircraft and managing the tax concerns and compliance needs."

10. Advocate identifies its principal place of business as 3555 Kraft Rd., Suite 240, Naples, FL 34105.

11. Advocate is a citizen of Florida.

## JURISDICTION AND VENUE

12. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is between citizens of different states.

13. Personal jurisdiction over Levy, Meiners-Levy and Advocate (collectively, "**Defendants**") is proper pursuant to Fla. Stat. § 48.193 because they regularly conduct business in Florida and maintain offices in Naples and Tampa.

14. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendants reside within this judicial district. In addition, the parties agreed by contract that "Any and all claims arising under this agreement or the relationship created by it shall be brought only in the courts of Collier County, Florida and shall be governed by Florida law, without regard to its choice of law provisions."

## GENERAL ALLEGATIONS

15. In 2017, WCM-1 purchased a Socata TBM 930 aircraft bearing U.S. registration number N930WK, and Manufacturer's serial number 1171 ("**Aircraft**") from Avex, Inc. of Camarillo, California.

16. Around the time of the purchase of the Aircraft, WCM and WCM-1 ("**Plaintiffs**") were introduced to Advocate as legal and tax specialists who would provide legal and tax services relating to the tax, legal and compliance requirements of ownership of the Aircraft.

17. Through Levy and Meiners-Levy, Advocate advised Plaintiffs that they, along with the Advocate staff, were national experts in legal, accounting and tax services that were state and local specific based on where a particular aircraft is located in the United States.

18. Based upon the express or implied representations that Defendants were national experts in legal and tax services, Plaintiffs reasonably believed that Defendants were either licensed in Colorado to provide legal and tax services or had staff who were licensed in Colorado to provide legal and tax services.

19. At all times, Defendants actually knew that the Aircraft was to be hangered in Broomfield, Colorado, and that it would be subject to Colorado law and regulations, as well as federal law and regulations.

20. On April 11, 2017, Plaintiffs executed an engagement letter ("**Engagement Letter**") with Defendants pursuant to which Defendants agreed to provide "legal services related to the structuring of the acquisition and operation of an aircraft in a tax efficient manner." A copy of the Engagement Letter is attached hereto as **Exhibit A**.

21. Specifically, in the Engagement Letter, Defendants expressly asked Plaintiffs to "agree to engage Advocate to assist [Plaintiffs] by providing **<u>legal services</u>** related to the structuring of the acquisition and operation of an aircraft in a **<u>tax efficient manner</u>**" (emphasis supplied) and then undertook to perform, *inter alia*, the following duties:

    a) "Advocate's legal services will involve assistance in the design of an entity to hold title to an aircraft, integration of aircraft operations into your business structure, outline tax requirements, and review liability management issues." *Id.*

    b) "Advocate will form entities, prepare a purchase contract, draft operating agreements, draft leases, prepare registrations with FAA and state regulatory authorities, ***and help with planning to minimize sales tax in the state where the aircraft is acquired and use tax in the state where the aircraft is based***." *Id.* (emphasis supplied).

22. In connection with providing legal services to the Plaintiffs, Defendants drafted a lease agreement ("**Lease**") between Colorado citizens and residents WCM and WCM-1 in which WCM-1 agreed to lease the Aircraft, which was hangered in Broomfield, Colorado, to WCM.

23. Defendants then advised Plaintiffs that the Lease they drafted would minimize sales and use taxes in Colorado, again, where the Aircraft was based.

24. The actions of Defendants constituted the practice of law in Colorado, and included "(i) [f]urnishing legal counsel, drafting documents and pleadings, and interpreting and giving advice with respect to the law. . . ."

25. Only lawyers licensed by the State of Colorado may practice law in Colorado.

26. In 2020, the Colorado Department of Revenue ("**DOR**") commenced a tax audit of Plaintiffs regarding the Lease's tax consequences.

27. Defendants initially defended the DOR audit on Plaintiffs' behalf, advising Plaintiffs that the DOR audit was without merit.

28. In July of 2022, the DOR completed its audit and determined that tax payments were deficient by approximately $280,000, including penalties and interest.

29. Defendants negotiated a settlement on Plaintiffs' behalf with the DOR in the amount of $154,408.81 ("**Settlement Agreement**").

30. Plaintiffs entered into the Settlement Agreement because Plaintiffs concluded that, if they were to challenge the DOR's findings, it was unlikely Plaintiffs could achieve a settlement that was materially better than what DOR had offered given the Lease's multiple deficiencies and apparent failure to comply with Colorado law.

31. Plaintiffs' predicament with the DOR was proximately caused by Defendants' failure to properly structure the Lease and taxes to comply with Colorado law.

32. Plaintiffs thus entered into the Settlement Agreement to mitigate the losses caused by Defendants.

## FIRST CLAIM FOR RELIEF
### Attorney Negligence as to All Defendants

33. Plaintiffs incorporate and reallege paragraphs 1-32 as though fully set forth herein.

34. Plaintiffs engaged Defendants to provide legal services to draft a lease agreement that was compliant with Colorado law, and that would minimize tax obligations under local and state laws in Colorado.

35. Unbeknownst to the Plaintiffs, Defendants were not licensed to practice law in Colorado and were not familiar with local and state tax laws in Colorado, especially with respect to aircraft leasing.

36. Defendants were negligent by holding themselves out to be licensed and competent to provide such legal services when they were not.

37. Defendants were further negligent in their drafting of the Lease and in their advising Plaintiffs to use the Lease in Colorado.

38. Defendants failed to provide reasonably competent legal services because they drafted a substandard lease which failed to accomplish the objective of minimizing or dealing with Plaintiffs' tax obligations related to the ownership of the Aircraft. In poorly drafting the Lease, the Defendants either ignored the relevant state law or regulation or did not seek Colorado licensed assistance in the state law or regulation. The Defendants' actions and omissions created significant adverse tax consequences for Plaintiffs, consequences that could have been avoided with reasonably competent advice and drafting.

39. Defendants' negligence caused damages and losses to the Plaintiffs, consisting of, without limitation a $154,408.81 obligation to the DOR, plus the fees incurred to retain Colorado attorneys and accountants, and other incidental and consequential damages.

40. Defendants' actions and omissions constitute professional negligence.

41. As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered damages and losses.

## SECOND CLAIM FOR RELIEF
### Accountant Negligence as to All Defendants

42. Plaintiffs incorporate and reallege paragraphs 1-32 as though fully set forth herein.

43. Plaintiffs employed Defendants to perform accounting and tax preparation services under local and state laws in Colorado, specifically, to provide accounting and planning services and advice designed to "minimize sales tax in the state where the aircraft is acquired and use tax in the state where the aircraft is based."

44. Defendants were not reasonably competent to provide such services in Colorado but held themselves out to be.

45. Defendants are not licensed as accountants in Colorado and are not familiar with state statutory requirements and procedures. Defendants were negligent by holding themselves out to be competent to provide such services when they were not. They were also negligent by undertaking to provide such accounting services and failing to perform them reasonably competently.

46. Defendants breached their duty of due care by failing to provide reasonably competent accounting services that they had been hired to undertake. They drafted a lease agreement that ignored the relevant state law or regulation and created significant adverse tax consequences for Plaintiffs.

47. But for Defendants' failure to provide competent tax and accounting advice, Plaintiffs would not have incurred a $154,408.81 obligation to the DOR, plus fees to Colorado attorneys and accountants, and other incidental and consequential damages.

48. Defendants' actions and omissions constitute professional negligence.

49. As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered damages and losses.

### THIRD CLAIM FOR RELIEF
### Violation of Colorado's Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, as to All Defendants

50. Plaintiffs incorporate and reallege paragraphs 1-32 as though fully set forth herein.

51. Defendants expressly or impliedly held themselves out as either licensed in the state of Colorado or using staff or contract Colorado licensed staff to provide legal or accounting services to Plaintiffs, including, *inter alia*, drafting Colorado legal documents and advising the Plaintiffs on Colorado law and taxation.

52. Defendants advertise nationally and represent to others similarly situated in Colorado to provide legal and tax services for aircrafts in Colorado, thus impacting the Colorado public with respect to their particular legal and tax services offered to aircraft owners.

53. Defendants' actions and omissions constitute deceptive trade practices, and violated of one or more provisions of C.R.S. Section 6-1-105, including, without limitation:

a) knowingly or recklessly mak[ing] a false representation as to the … certification of … services … (105(1)(b))
b) knowingly or recklessly mak[ing] a false representation as to ... certification by another (105(1)(c))
c) knowingly or recklessly mak[ing] a false representation as to the … , approval, status, affiliation, or connection of a person therewith (105(1)(e))
d) advertis[ing] … services …with intent not to sell them as advertised (105(1)(i))
e) refus[ing] or fail[ing] to obtain all governmental licenses … required to perform the services … as agreed to or contracted for with a consumer (105(1)(z))

54. The actions and omissions of the Defendants in engaging in the deceptive trade practices occurred in the course of Defendants' business.

55. The Defendants' deceptive trade practices significantly impacted the public, both in Colorado and in other states in which the Defendants provide legal and tax services without holding any license, as actual or potential consumers of Defendants' services or property.

56. The Plaintiffs herein were actual customers of the Defendants for the providing of Defendants legal and tax services, were deceived by Defendants' deceptive trade practices, and suffered injury and losses as a direct result, including adverse tax consequences of at least $154,408.81, as well as attorney fees and costs.

57. In addition to actual damages plus fees to Colorado attorneys and accountants and other incidental and consequential damages, Plaintiffs are entitled to three times the amount of actual damages sustained, because Defendants actions and omissions were willful, knowing and intentional.

## FOURTH CLAIM FOR RELIEF
### Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.*, as to All Defendants

58. Plaintiffs incorporate and reallege paragraphs 1-32, 51, 52, and 54-57 as though fully set forth herein.

59. Defendants actions and omissions, as identified and alleged above, constitute one or more "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce " within the meaning of Fla. Stat. § 501.204.

60. Defendants' actions and omissions, which were willful, knowing and intentional, caused actual damages to Plaintiffs, including adverse tax consequences of at least $154,408.81, attorney fees and costs. Plaintiffs are further entitled to their reasonable attorney's fees and costs fees pursuant to Fla. Stat. § 501.2105(1).

## FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty and Disgorgement as to All Defendants

61. Plaintiffs incorporate and reallege paragraphs 1-32 as though fully set forth herein.

62. In practicing law and providing tax advice to Colorado residents without any Colorado license, Defendants charged Plaintiff a fee of $22,500, which Plaintiffs paid, not knowing Defendants had provided substandard and unlicensed legal and tax services.

63. Defendants had a fiduciary duty of honesty and full disclosure to the Plaintiffs, which required Defendants to advise Plaintiffs they were not licensed as lawyers or accountants in Colorado.

64. Defendants willfully, knowingly and intentionally breached their fiduciary duties to Plaintiffs, and because Defendants willfully, knowingly and intentionally engaged in the practice of law in Colorado without a license, Plaintiffs seek disgorgement of all attorney fees Plaintiffs paid to Defendants.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of a judgment in their favor and an award of actual damages, incidental and consequential damages, disgorgement of attorney fees Plaintiffs paid to Defendants, attorney's fees pursuant to C.R.S. § 6-1-101 or Fla. Stat. § 501.2105(1), costs, pre and post judgement interest and for such other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

By:/s/ *Averil K. Andrews*
Averil K. Andrews, Florida Bar No.: 105700
ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Tel: (303) 534-4499
aandrews@allen-vellone.com


By:/s/ *Sean R. Santini*
Sean R. Santini, Florida Bar No. 832898
SANTINI LAW
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 372-7307
ssantini@santinilawfirm.com


ATTORNEYS FOR PLAINTIFFS