UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WIENS CAPITAL
MANAGEMENT, LLC and WCM-1,
LLC,

    Plaintiffs,

v().    Case No.:  2:23-cv-81-SPC-KCD

ADVOCATE CONSULTING
LEGAL GROUP, PLLC,
JONATHAN S LEVY and
SUZANNE MEINERS-LEVY,

    Defendants.
_____/

## ORDER

This is a negligence case based on diversity jurisdiction. (Doc. 1.) Plaintiffs move under Local Rule 1.11(c) to seal a portion of the disclosure statement required by Federal Rule 7.1 and Local Rule 3.03 that lists the identities of the individual members of Wiens Real Estate Ventures, LLC ("WREV") (the sole member of Plaintiff Wiens Capital Management, LLC). Plaintiffs assert that sealing is needed to protect the members' privacy interests. (Doc. 12.) Alternatively, Plaintiffs move for the information to be submitted for *in camera* review. The Court denies the motion.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-*

*Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* (quoted authority omitted).

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the documents confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Relevant here, Federal Rule of Civil Procedure 7.1(a)(2)(A) requires that

> [i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party … must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed…

Local Rule 3.03 further requires disclosure of the identities of persons who have or may have an interest in the outcome of judicial proceedings so courts may determine whether a conflict of interest exists.

Plaintiffs argue that the privacy interests of the members—a husband and wife, and their two children—establish good cause to seal the information required under Rule 7.1 and Local Rule 3.03. (Doc. 12 at 3.) Plaintiffs also argue that the purpose of the disclosure requirements of Rule 7.1 will be served when the disclosure is made under seal; that the names of the individual family members of WREV do not pertain to this lawsuit; that filing the disclosure under seal is necessary to protect those non-parties' legitimate and reasonable privacy interests; that the relief sought is narrowly tailored to justify the disclosure of the individual owners of WREV; that all other entities with interests in this litigation or to determine diversity have been disclosed; and that no party will be prejudiced by the relief sought.

Plaintiffs' arguments do not overcome the presumption of public access. They assert that disclosure of the members' identities will harm their "legitimate and reasonable privacy interests" but provide no rationale for that assertion. (Doc. 12 at 3.) Plaintiffs, who chose to initiate suit in federal court in reliance on diversity jurisdiction, had to have known that they would need to show diversity by alleging the identity and citizenship of its members and the members of the derivative entities under Rule 7.1. *See King v. Cessna*

3

*Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (plaintiff asserting diversity jurisdiction bears burden to prove diversity); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking diversity jurisdiction did not disclose identity or citizenship of each member of unincorporated entity). Plaintiffs have not articulated a legitimate privacy interest in the members' identities and its preference that the information remain private is not a valid reason to overcome the presumption of public access. *See, e.g.*, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (denying motion to seal based on conclusory allegation that confidentiality would promote business interests); *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (M.D. Fla. 2013) (denying motion to seal documents relating to plaintiff's ownership structure and identity of its members because preference to keep identities confidential was not valid reason to seal documents underpinning a judicial decision). Further, if the children are minors, Federal Rule 5.2 provides protection, requiring that only initials be included.

The Court also notes that Plaintiffs have not complied with two requirements of Local Rule 1.11(c): to propose a duration of the seal and to state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item.

Thus, the Court **DENIES** Plaintiffs' motion to file the members' identities under seal or to submit the information for *in camera* review (Doc 12). Plaintiffs are **DIRECTED** to file an updated disclosure statement by **February 22, 2023**.

**ORDERED** in Fort Myers, Florida this February 16, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record